UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | No. 1:04-CR-166 |
| v. | ) | |
| | ) | Judge Curtis L. Collier |
| | ) | |
| JOSEPH C. VARNELL | ) | |
| | ) | |

**MEMORANDUM**

Defendant Joseph C. Varnell ("Defendant") filed a motion to suppress (Court File No. 13) which was referred to United States Magistrate Judge William B. Mitchell Carter to conduct an evidentiary hearing if necessary and make a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). On July 11, 2005, the magistrate judge filed a report and recommendation ("R&R") that Defendant's motion be denied (Court File No. 19).

Defendant filed an objection to the report and recommendation within the ten-day period, arguing its recommended ruling is contrary to the law and facts presented at the hearing (Court File No. 20). For the following reasons, the Court will **ACCEPT** and **ADOPT** Judge Carter's R&R and will **DENY** Defendant's motion to suppress.

**I.      Standard of Review**

This Court must conduct a *de novo* review of those portions of the report and recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1)(C).

## II. Facts

Defendant has not objected to the magistrate's statement of the facts, therefore the Court will **ACCEPT** and **ADOPT** that portion of the report and recommendation (Court File No. 47, pp. 1-3). The Court here will set forth only those facts necessary to this memorandum. Defendant was arrested after two Cleveland Police Department officers, Nathan Thomas and Terry Wyatt, observed what they suspected to be drug activity in the parking lot of the Cleveland Housing Authority property on Lay Street. The officers followed and stopped the driver of a car involved in the suspected drug activity, Richard Ledbetter, who told them Defendant, whom officers had seen come out of the Cleveland Housing Authority property to Ledbetter's car twice but could not identify, had drugs on him and that Defendant had come to the car to get his shirt and a glass crack pipe. The officers recognized Defendant's name when Ledbetter told them about him, and knew he was barred from all Cleveland Housing Authority properties for previous alleged drug activities. The officers returned to the Lay Street property to contact Defendant, where they again saw him exit an apartment in the building and get into the back seat of a vehicle. The driver of that vehicle drove it onto the public road, at which point officers effected a stop to arrest Defendant for misdemeanor criminal trespass on Cleveland Housing Authority property. Officer Wyatt arrested Defendant for criminal trespass and upon searching his person found a syringe and needle, glass smoking pipe, two rolling papers, electronic scales, $62.35 in currency and two sheets of paper listing names and monetary transactions. When Officer Thomas began to remove a back brace Defendant was wearing, Defendant said to him, "Don't let my .25 fall out." Officer Thomas then found a .25 caliber Sundance pistol concealed in the back brace. Officer Wyatt also discovered approximately 1.1 grams of marijuana and 0.7 grams of methamphetamine in containers in the floor of the vehicle

where Defendant's feet had been (Court File No. 19, pp. 1-3).

### III.   Analysis

#### A.   Search Incident to Arrest

Defendant's motion to suppress asserts police had no legitimate basis to arrest him, so any fruits of the search police conducted incident to that arrest must be suppressed (see Court File Nos. 13, 14). Defendant in his objection to the report and recommendation merely states "[h]e feels that the ruling is contrary to the law and the facts presented at the hearing and that the proceeds of the searches should be suppressed" (Court File No. 20).

Police may make a warrantless arrest and a search incident to such arrest when they have probable cause to believe a felony is being or has been committed or when a misdemeanor is committed in their presence. *See United States v. Watson*, 423 U.S. 411, 417-19, 46 L. Ed. 2d 598, 96 S. Ct. 820 (1976). The inquiry into probable cause turns on "whether at that moment [of the arrest] the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [arrestee] had committed or was committing an offense." *Wolfe v. Perry*, 412 F.3d 707 (6th Cir. 2005) (*quoting Beck v. Ohio*, 379 U.S. 89, 91, 13 L. Ed. 2d 142, 85 S. Ct. 223 (1964) (brackets in original).

Under Tennessee law, a person commits criminal trespass when he, knowing he does not have the owner's effective consent to do so, enters or remains on property. Tenn. Code Ann. §§ 39-14-405(a); 39-14-104(d). The magistrate judge found Officer Thomas observed, three times, Defendant exiting the public housing building from which Officer Thomas knew he had been

3

banned. Therefore, the magistrate judge found Officer Thomas had probable cause to arrest Defendant for criminal trespass.

When arresting an individual, officers may search "items within the 'immediate control' of the person arrested." *Northrop v. Trippett*, 265 F.3d 372, 379 (6th Cir. 2001) (citing *Chimel v. California*, 395 U.S. 752, 763, 89 S. Ct. 2034, 23 L. Ed. 2d 685 (1969)). Because the magistrate judge found the arrest was properly based on probable cause, he also concluded the search of Defendant's person and the area within his immediate control officers conducted incident to that arrest was lawful.

Defendant, in lieu of argument, points the Court to a recent decision by the United States Court of Appeals for the Sixth Circuit, *United States v. Hudson*, 405 F.3d 425 (6th Cir. April 22, 2005). The Court finds this case inapposite to any issues before it, as it deals with (1) reasonable suspicion required to stop and frisk a defendant and (2) the validity of consent to search. Here, the Court is faced with neither of those issues, but rather, the propriety of a warrantless arrest and search incident to such arrest.

After carefully considering the evidence presented at the hearing and applicable law, the Court finds the magistrate judge's conclusion on this point is fully supported by both the evidence and the law. Officer Thomas personally witnessed Defendant commit no less than three misdemeanors, therefore his warrantless arrest and subsequent search of Defendant both were lawful. *See United States v. Watson*, 423 U.S. at 417-19; *Northrop*, 265 F.3d at 379.

**B.     Statements**

Defendant in his motion to suppress argued his Fifth Amendment rights were violated by questioning while in custody without being advised of his *Miranda* rights (Court File Nos. 13, 14).

4

A suspect who is in custody and subject to interrogation must be given *Miranda* warnings against self incrimination. *See Miranda v. Arizona*, 384 U.S. 436, 467-68, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966). However, when a defendant makes statements voluntarily while in custody, without being interrogated, no *Miranda* warnings need be given. *See Rhode Island v. Innis*, 446 U.S. 291, 300, 100 S. Ct. 1682, 64 L. Ed. 2d 297 (1980); *United States v. Murphy*, 107 F.3d 1199, 1204-05 (6th Cir. 1997). Additionally, the "public safety exception" allows officers to question a suspect at the scene of an arrest about weapons, drug use, and other matters relating to the safety of officers or the general public without first administering *Miranda* warnings. *See New York v. Quarles*, 467 U.S. 649, 655-56, 104 S. Ct. 2626, 81 L. Ed. 2d 550 (1984).

The magistrate judge found Defendant made voluntary statements to Officer Thomas while his person was being searched regarding his possession of a firearm in a back brace he was wearing. The magistrate judge further found Defendant's statements, since voluntary, did not require any *Miranda* warnings, and are properly admissible. Further, the magistrate judge found these statements would be admissible even if they had been in response to an officer's question about possession of weapons, under the public safety exception.

During Officer Thomas's search of his person, Defendant voluntarily said to him, "Don't let my .25 fall out" of the back brace Office Thomas was removing. Because this statement was voluntary, Officer Thomas's failure to administer the *Miranda* warnings to Defendant does not require its suppression. *See Innis*, 446 U.S. at 300. After reviewing the evidence presented at the suppression hearing and the applicable law, the Court finds the magistrate judge's recommendation as to Defendant's statements is supported by both the evidence and the law.

**IV.     Conclusion**

For the reasons stated above, after carefully reviewing the evidence from the suppression hearing, the Court has determined the magistrate judge's analysis regarding the suppression of the proceeds of the search and Defendant's statements is correct.  Following those findings, the Court **ACCEPTS** and **ADOPTS** the magistrate judge's determinations neither the proceeds of the search nor Defendant's statements need not be suppressed.

An Order shall enter.

                                                                  **/s/**
                                                    **CURTIS L. COLLIER**
                                                    **UNITED STATES DISTRICT JUDGE**